UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                    Criminal Case No. 17-20283
                                    Honorable Linda V. Parker

OLLIE NICHOLSON,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE

Presently before the Court is Defendant's motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c). The statute requires administrative exhaustion before a defendant may come to federal court seeking relief. *Id*. § 3582(c)(1)(A). The defendant may file a motion only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. This exhaustion requirement is mandatory. *See United States v. Alam*, -- F.3d --, 2020 WL 2845694, at *1, 3 (6th Cir. June 2, 2020).

Defendant's submission does not reflect that he has satisfied the statute's exhaustion requirement. The Government has timely objected to Defendant's

failure to exhaust and indicates that the Bureau of Prisons has no record of a request from Defendant. The Court must therefore dismiss Defendant's request without prejudice. Defendant may return to Court, if necessary, after fully exhausting the BOP's administrative remedies *or* after the lapse of 30 days from the warden's receipt of his request. Any renewed motion must reflect that the administrative exhaustion requirements in § 3582(c)(1)(A) have been satisfied.

To the extent checked below, the Court finds that Defendant's current request also lacks sufficient information to decide the request:

  _X_ Detailed information concerning the "extraordinary and compelling reasons" that warrant relief (e.g., medical or mental condition or age).

  _X_ Support for the assertion that the extraordinary and compelling reason(s) places Defendant at heightened risk if remains incarcerated.

Any renewed motion must provide this information.

Accordingly,

**IT IS ORDERED** that Defendant's motion seeking compassionate release is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

            s/ Linda V. Parker
            LINDA V. PARKER
            U.S. DISTRICT JUDGE

Dated: June 18, 2020